United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 6, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 04-20044
Summary Calendar
_____

KERRY COCHRAN; WANDA COCHRAN,

Plaintiffs-Appellants,

versus

CITY OF DEER PARK, TEXAS, PASADENA
INDEPENDENT SCHOOL DISTRICT; RICHARD
PHILLIPS, Officer, in his individual capacity,

Defendants-Appellees.

Appeal from the United States District Court for
the Southern District of Texas
(USDC No. H-02-CV-4518)
_____

Before REAVLEY, WIENER and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

The judgment is affirmed for the following reasons:

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1. We essentially agree with the analysis offered by the district court. The complaint alleges that a police dog, Falco, attacked Plaintiff Kerry Cochran. Defendant Richard Phillips, an officer with Defendant Pasadena Independent School District (PISD), was Falco's handler. Officers with PISD and Defendant City of Deer Park were searching for a third-party suspect or suspects, and the complaint does not allege that Phillips ordered the dog to attack Cochran or intended that result. On the contrary, the complaint alleges that "there was no evidence that Plaintiff Cochran was the suspect in question." It alleges that Defendants City of Deer Park and PISD were negligent in failing to control the dog and allowing it to roam without a leash. The complaint likewise alleges that Phillips "failed to control the animal in question by allowing the dog to roam off its leash and failing to prevent the attack of Mr. Cochran." The complaint, read as a whole and in its specifics, alleges that Defendants did not intend for the dog to bite Cochran and that the attack was the result of Defendants' negligence rather than a result they desired.

2. The Supreme Court has long held that a federal cause of action under 42 U.S.C. § 1983 does not extend to conduct that is merely negligent. See Daniels v. Williams, 474 U.S. 327, 328 (1986); Davidson v. Cannon, 474 U.S. 344, 347 (1986).

3. Plaintiffs characterize their federal claim as one for excessive force. We agree with the district court that the complaint does not state a claim for a constitutional violation actionable under § 1983. The claim if established does not amount to a Fourth Amendment violation, because a Fourth Amendment seizure occurs "only when there is a

2

governmental termination of freedom of movement through means intentionally applied." County of Sacramento v. Lewis, 523 U.S. 833, 844 (1998) (emphasis omitted). The complaint indicates that the attack on Cochran was not intended.

4. Nor can the attack amount to a constitutional due process violation. In Lewis, a case involving a police chase, the Court stated that "liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process." Id. at 849. While recognizing a "deliberate indifference" standard for governmental conduct sometimes applicable to the treatment of prisoners and detainees in the custody of the government, id. at 850, the Court rejected this standard as the appropriate one for conduct of the police conducting a chase. In this circumstance, the Court held that "only a purpose to cause harm unrelated to the legitimate object of arrest will satisfy the element of arbitrary conduct shocking to the conscience, necessary for a due process violation." Id. at 836. This standard is applicable to the pending case. Under this standard, "even precipitate recklessness" will not suffice. Id. at 853. Only an "intent to harm" plaintiffs physically or to worsen their legal plight can give rise to liability for a substantive due process violation. Id. at 854.

5. The district court did not abuse its discretion in denying the motion to alter or amend judgment and motion for leave to file an amended complaint. Both motions were filed after the entry of final judgment. Insofar as the motions rely on the deposition of officer Phillips, that deposition was taken over a month before the district court ruled. Insofar as the motions rely on alleged newly discovered evidence concerning prior

incidents of biting by Falco, these prior incidents are not in our view relevant to whether plaintiffs suffered a constitutional deprivation. The prior incidents do not demonstrate an intent to seize Cochran or cause him harm, a necessary element to a Fourth Amendment or substantive due process claim.

6. The City and PISD were properly dismissed, because for the reasons stated above the complaint failed to state a claim for an underlying federal constitutional violation on which to premise municipal liability. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978) (holding that a municipality does not incur liability under § 1983 "unless action pursuant to official municipal policy of some nature caused a constitutional tort"); City of Canton v. Harris, 489 U.S. 378, 385 (1989) ("[O]ur first inquiry in any case alleging municipal liability under § 1983 is the question whether there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation.").

AFFIRMED.